UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                               :

ARIES FIRE PROTECTION, INC.,                       :

                                                   Plaintiff,                :
                                                                             :           21-CV-6252 (JMF)
                       -v-                                              :
                                                                             :      MEMORANDUM OPINION
TUTOR PERINI/ PARSONS JOINT VENTURE, J.V. et  :           AND ORDER
al.,                                                                           :
                                                                             :
                                                  Defendant.           :
                                                                             :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       This breach of contract case arises out of a subcontract pursuant to which Plaintiff Aries Fire Protection, Inc. ("Aries") agreed to furnish and install fire protection construction work for a new terminal at Newark International Airport, for which Defendant Tutor Perini/Parsons, J.V. ("Tutor/Parsons") was the contractor. ECF No. 40 ("SAC") ¶ 7, 12. According to the Complaint, Tutor/Parsons materially increased the scope of the fire protection work after the parties signed the Subcontract, ECF No. 42-2 ("Subcontract"),[1] but refused to pay additional fees for the added work, SAC ¶¶ 20-22. Tutor/Parsons now moves to dismiss the Complaint on the

---

[1]     The Court can consider the Subcontract in connection with this motion to dismiss because "[w]here a plaintiff has relied on the terms and effect of a document in drafting the complaint, and that document is thus integral to the complaint, [a court] may consider its contents even if it is not formally incorporated by reference." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (cleaned up); *see also e.g.*, *Oppenheimer & Co. v. Trans Energy, Inc.*, 946 F. Supp. 2d 343, 344 (S.D.N.Y. 2013) ("Where the claim is for breach of contract, as here, the complaint is deemed to incorporate the alleged contract by reference because the alleged contract is integral to the claim.").

ground that, pursuant to a forum selection clause in the Subcontract, Aries was required to bring the lawsuit in "New York State Court in the County of Westchester."  ECF No. 41 ("Defs.' Mem."), at 1.  For the reasons that follow, the Court agrees.

The Second Circuit has long recognized "a strong federal public policy" in favor of "[t]he presumptive enforceability of forum selection clauses."  *Martinez v. Bloomberg LP*, 740 F.3d 211, 218 (2d Cir. 2014).  Courts apply a four-part test to determine whether to dismiss a claim based such a clause: "If the forum clause [(1)] was communicated to the resisting party, [(2)] has mandatory force [and (3)] covers the claims and parties involved in the dispute, it is presumptively enforceable" and can be avoided only if (4) the "resisting party has rebutted the presumption . . . by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."  *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007) (internal quotation marks omitted).  Applying that test here, the Court concludes that dismissal is required.  Section 2(E) of the Subcontract begins with a discussion of certain claims that are not relevant here.  It then continues by providing unambiguously that "[*a*]*ll* other claims or disputes between the parties *shall* be decided by the appropriate New York State Court in the County of Westchester."  Subcontract § 2(E) (emphases added).  That language is plainly mandatory ("shall") and covers the claims at issue here.  Nor does Aries make any showing "that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."  *Phillips*, 494 F.3d at 383-84 (internal quotation marks omitted).

Aries's arguments to the contrary are unpersuasive.  First, pointing to Section 12 of the Subcontract — which provides that "[v]enue shall lie in Westchester County, New York," and that "[t]he parties expressly agree to submit to the service of process in and to the jurisdiction of

2

the Courts of the State of New York in connection with any dispute, claim or controversy arising under the Subcontract," Subcontract § 12 — Aries contends that the Subcontract is ambiguous and should be construed against Tutor/Perini as its drafter.  *See* ECF No. 45 ("Pl.'s Opp'n"), at 10-12.  But the Court is required to adopt an interpretation of the Subcontract that gives meaning to the entire contract and reconciles seemingly conflicting provisions.  *See, e.g.*, *Certified Multi-Media Sols., Ltd. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, 674 F. App'x 45, 47 (2d Cir. 2017) (summary order); *Seabury Const. Corp. v. Jeffrey Chain Corp.*, 289 F.3d 63, 69 (2d Cir. 2002) ("[W]here two seemingly conflicting contract provisions reasonably can be reconciled, a court is required to do so and to give both effect.").  And here, the two provisions are easily reconciled.  The parties agreed to submit to the jurisdiction of "the Courts in the State of New York," Subcontract § 12 — and "the appropriate New York State Court in the County of Westchester," *id*. § 2(E), is one of those courts.  Put simply, there exists no conflict or ambiguity.  *See Proyecfin de Venezuela, S.A. v. Banco Indus. de Venezuela, S.A.*, 760 F.2d 390, 396 (2d Cir. 1985) (analyzing a contract that contained a "permissive" forum selection clause permitting jurisdiction in several locations, including Caracas, and a "mandatory" clause that required litigation in Caracas and concluding that "no conflict between the provisions would arise if Caracas were selected as the forum for litigation"); *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 111 (2d Cir. 2008) (finding "no inconsistency" between two provisions of a contract where "each [provision] may be fully enforced without compromising the other").  Instead, Section 2(E) provides additional, more specific, requirements about where the parties are to bring certain claims.[2]

---

[2]  *S.K. & Co. v. Legacy Grp. of Am., Inc.*, No. 95-CV-6748 (HB), 1996 WL 5072 (S.D.N.Y. Jan. 5, 1996), upon which Aries relies, *see* Pl.'s Opp'n 12, is distinguishable.  There, the agreement provided only that "any action or proceeding . . . shall be brought in the State of New

Aries's other arguments can be swiftly rejected.  It contends that the forum selection clause in Section 2(E) was not "reasonably communicated" to it because it comprises "one sentence toward the end of a large paragraph" about resolutions of disputes that are "not relevant to the instant Motion."  Pl.'s Opp'n 6.  It also asserts that it is not clear who the "parties" are — specifically, whether the Owner is included in the definition of the parties and what "other claims and disputes are being referred to."  *Id.* at 6-7.  But Aries provides no authority for the proposition that an otherwise clear provision of a contract between sophisticated parties, apparently represented by counsel, can be ignored merely because it is contained within a long paragraph.  *See, e.g.*, *Ecoline, Inc. v. Loc. Union No. 12 of Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers, AFL-CIO*, 271 F. App'x 70, 71-72 (2d Cir. 2008) (summary order) ("In general, individuals are charged with knowledge of the contents of documents they sign and a person who signs a written contract is bound by its terms regardless of his or her failure to read and understand its terms." (internal quotation marks omitted)).  Additionally, the term "parties" is used consistently throughout the contract (and, indeed, in contracts writ large) to refer to the signatories — namely, Aries and Tutor/Perini; the "Owner" is plainly not a party to the contract.  *See, e.g.*, Restatement (Second) of Contracts § 2 ("The promisor and promisee are the 'parties' to a promise . . . .").  Finally, the forum selection clause in Section 2(E), by its plain terms, applies to "[*a*]*ll* other claims and disputes between the parties," including this dispute.  Subcontract § 2(E) (emphasis added).

---

York in a Court of Competent Jurisdiction."  *Id.* at *1.  In other words, it revealed an "intent to limit the parties' litigation to the geographical confines of New York State," but "not . . . to New York State Courts at the exclusion of United State Courts that sit in New York State."  *Id*.  Here, by contrast, Section 2(E) of the Subcontract clearly provides that litigation of claims such as those pressed here must be brought in "New York *State* Court."  Subcontract § 2(E).

4

In short, the Court concludes that the plain terms of the parties' contract require this case to be brought in New York State Court in Westchester County. Accordingly, the case is dismissed without prejudice to refiling in such a court. *See, e.g.*, *Atl. Marine Constr. Co. v. U.S. Dist. Court of the W. Dist. of Tex.*, 571 U.S. 49, 60 & n.8 (2013).[3] The Clerk of Court is directed to terminate ECF No. 41 and close this case.

SO ORDERED.

Dated: June 24, 2022
      New York, New York

                                        JESSE M. FURMAN
                                     United States District Judge

---

[3] In light of that conclusion, the Court need not and does not consider Tutor/Perini's other arguments for dismissal. *See* Defs.' Mem. 13-16.

5